Jose Jaime **MARTINEZ-TORIBIO,** AKA Jose Martinez-Toribio, Petitioner,

v.

Dana **BOENTE, Acting Attorney General, Respondent.**

No. 15-72965

United States Court of Appeals, Ninth Circuit.

Submitted January 18, 2017 *

Filed FEBRUARY 3, 2017

Keith Robert Ayers, Telleria, Levy & Ayers, LLP, Los Angeles, CA, for Petitioner

OIL, William Clark Minick, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Jose Jaime Martinez-Toribio, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

evidence the agency's continuous physical presence determination. *Gutierrez v. Mukasey*, 521 F.3d 1114, 1116 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's determination that Martinez-Toribio failed to establish the requisite continuous physical presence for cancellation of removal, where he presented inconsistent testimony with no corroboration regarding the length of his departure from the United States in 2004. *See* 8 U.S.C. §§ 1229a(c)(4)(B)-(C), 1229b(b)(1)(A).

The record does not support Martinez-Toribio's contentions that the IJ failed to address or consider evidence, and that the IJ unfairly questioned his credibility.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.